# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:06cv70

| | |
|---|---|
| PAULA TOWNSEND, | )<br>) |
| Plaintiff, | )<br>) |
| Vs. | )      **ORDER**<br>) |
| MARK WILLIAM SHOOK, individually and in his official capacity as Sheriff of Watauga County; WATAUGA COUNTY; and JOHN DOE SURETY, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the court on the Joint Motion for an Order Directing Fowler Cooper, MA, LMFT, PA to Produce Records Pertaining to the Plaintiff to Plaintiff's Counsel and to Appear to be Deposed by Defendants' Counsel (#33), the court's Order requiring Mr. Cooper to Show Cause, and the joint oral motion of the parties to enlarge the time for discovery.

On May 30, 2007, a hearing was held in Asheville. At the hearing, counsel for the plaintiff and defendants moved into evidence exhibits and other materials that had been earlier submitted in support of their joint motion. Mr. Fowler Cooper, M.A., appeared at the hearing and was represented by counsel. In response to the Order to show cause, Mr. Cooper testified concerning his actions in resisting the subpoena issued by this court. At the conclusion of the hearing, the court found that Mr. Cooper was not in contempt of the court inasmuch as he attempted, however inartfully, to resist the subpoena based on a good faith belief that compliance with the

-1-

subpoena would be unlawful and unethical. Further, the evidence was not clear and convincing that Mr. Cooper intended to disregard the court's process; rather, it was revealed during the testimony that Mr. Cooper had relied on the advice of an out-of-state attorney who had not made a formal appearance on his behalf. Further alleviating the court's concern that its process was being disregarded or that a witness was attempting to obstruct these proceedings was Mr. Cooper's agreement at the hearing to travel at his own expense to counsel for defendants' office for the purpose of the deposition, a decision which will greatly reduce costs. The court finds, therefore, that there is not clear and convincing evidence that Mr. Cooper was in contempt and that Mr. Cooper has shown good cause and, he is not in contempt of this court. Turning now to the substantive issue raised by Mr. Cooper, the question presented is whether the provisions of the Health Insurance Portability and Accountability Act ("HIPAA") prohibit the disclosure of treatment records and the testimony of a mental health therapist even where the patient has waived the psychotherapist privilege. Specifically, Mr. Cooper asserted that the federal regulations implementing HIPAA, specifically 45 C.F.R. § 164.524, prevent him from either disclosing or testifying as to his course of counseling plaintiff even where plaintiff provides him with a written waiver. Part 164.524 provides in relevant part, as follows:

> **§ 164.524  Access of individuals to protected health information.**
> (a) Standard: Access to protected health information —(1) Right of access. Except as otherwise provided in paragraph (a)(2) or (a)(3) of this section, an individual has a right of access to inspect and obtain a copy

> of protected health information about the individual in a designated record set, for as long as the protected health information is maintained in the designated record set, except for:
> (i) Psychotherapy notes
>                     \* \* \*

45 C.F.R. § 164.524. Apparently, the drafters of this regulation were concerned that disclosure of psychotherapy notes even to the patient would be detrimental to the mental health of the client.

While this court recognizes and demurs to the expertise of the drafters of the regulations, such a regulation runs afoul of common law precedent which has long found that the psychotherapist-patient privilege, recognized in <u>Jaffe v. Redmond</u>, 518 U.S. 1 (1996), is waived when the patient places her mental health at issue in litigation. <u>Vasconcellos v. Cybex Int'l, Inc.</u>, 962 F.Supp. 701 (D.Md.1997). Such federal regulation also runs afoul of state statutory law, which specifically allows judicial access to psychotherapy records under certain circumstances:

> No person, duly licensed as a licensed marriage and family therapist, nor any of the person's employees or associates, shall be required to disclose any information which the person may have acquired in rendering professional marriage and family therapy services, and which information was necessary to enable the person to render professional marriage and family therapy services. Any resident or presiding judge in the district in which the action is pending may, subject to G.S. 8-53.6, compel disclosure, either at the trial or prior thereto, if in the court's opinion disclosure is necessary to a proper administration of justice. If the case is in district court the judge shall be a district court judge, and if the case is in superior court the judge shall be a superior court judge.

N.C.Gen.Stat. § 8-53.5. North Carolina law allows judicial disclosure where such information is necessary to the proper administration of justice, a provision which is contrary to the regulations implementing HIPAA. The question is whether HIPAA

preempts North Carolina law as to access to psychotherapist notes.

While this conflict of laws appears to be a question of first impression in North Carolina and the Fourth Circuit, the court has found two cases that provide guidance and are persuasive. In Kalinoski v. Evans, 377 F.Supp.2d 136 (D.D.C. 2005), the district court noted that

> it does not follow from the fact that a patient is not allowed to inspect her own notes under section 164.524(a)(1)(i) that a court order plus a patient authorization are insufficient to permit the production of notes in a court proceeding. Unlike section 7-1201.03 of the D.C.Code (which even then applies only to a subset of a psychotherapist's notes), there is no indication that the intent of the HIPAA regulations were to shield psychotherapy notes entirely from discovery in a judicial proceeding.

Id., at fn3. Thus, Kalinoski stands for the proposition that HIPAA does not prevent disclosure of psychotherapy notes in judicial proceedings as well as looking to local law for guidance. Similarly, in Findley v. Findley, 937 So.2d 912 (La.App. 3rd Cir. 2006), the Louisiana Court of Appeal, Third Circuit, found that

> HIPAA preempts any "contrary" state law, unless the state law is "more stringent" than the HIPAA requirements. 45 C.F.R. § 160.203. A state law is "contrary" to HIPAA if a health care provider would find it impossible to comply with both the state and federal provisions regarding disclosure or the state law is an obstacle to the accomplishment of the purposes of HIPAA. 45 C.F.R. § 160.202. However, there is no preemption if a "contrary" state law is "more stringent" than HIPAA. 45 C.F.R. § 160.203(b).

Id., at 916. Because Louisiana law affords individuals greater rights of access or amendment to medical and mental health records, the Findley court found that HIPAA did not preempt state law which was more stringent.

In North Carolina, a patient may access their mental health records and a court may compel such production where "disclosure is necessary to a proper

administration of justice." N.C.Gen.Stat. § 8-53.5.  In this case, plaintiff has asserted claims wherein she alleges that severe emotional damages were inflicted by defendants.  It further appears to the court that plaintiff desires to move forward on such claims and that she has provided written waivers of any psychotherapist-patient privilege.  The finds that the notes and billing records concerning plaintiff's psychotherapy treatment are essential to both plaintiff's prosecution of her claims as well as to defendants' ability to defend against such claims.  Based on such determinations, the court finds that the disclosure of such records as well as the testimony of plaintiff's therapist are necessary to the proper administration of justice, and the court will compel Mr. Cooper to fully comply with the subpoena previously issued and attend the noticed deposition.

Finally, the court has considered the motion of the parties to enlarge the time for completion of discovery necessitated by this proceeding.  Finding that good cause has been shown and that the parties have been diligent in this matter, the court will enlarge the time for completion of discovery to July 9, 2007.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) the Joint Motion for an Order Directing Fowler Cooper, MA, LMFT, PA to Produce Records Pertaining to the Plaintiff to Plaintiff's Counsel and to Appear to be Deposed by Defendants' Counsel (#33) is, as previously Order, further **ALLOWED,** and Mr. Cooper shall produce his entire

treatment file, including billing records, that concern plaintiff's care to respective counsel for both plaintiff and defendants, subject to the following protective order:

### **PROTECTIVE ORDER**

*Any mental health records produced in compliance with this Order may not be further disclosed outside this litigation. The parties may submit such records to any properly qualified physician, psychiatrist, psychologist, or sociologist for the limited purpose of formulating an expert report or conducting and IME. In the event any such records are filed with the court, they shall be filed under seal and in a manner that prohibits any unnecessary public disclosure of such records. Such records may, however, be reviewed by the parties, counsel for the parties and their professional employees, expert witnesses, the jury, and court personnel.*

(2) the court having found that Mr. Fowler Cooper, MA, LMFT, PA, is **not** in civil contempt of this court, Mr. Cooper is **RELIEVED** from showing further cause in this matter;

(3) Mr. Fowler Cooper, MA, LMFT, PA, is **COMPELLED** to produce his entire file and billing records concerning plaintiff's course of treatment and care and appear for deposition at the offices of Bradley Wood at 10 a.m. on June 12, 2007, with Mr. Cooper being responsible for his own travel expenses to and from the deposition, and defendants being

reasonable for paying Mr. Cooper his usual, reasonable, and customary professional fee for his time spent in the deposition; and

(4) the time for completion of discovery is **ENLARGED** up to and inclusive of July 9, 2007.

Signed: May 31, 2007

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge