# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:06cv70

| | |
|---|---|
| PAULA TOWNSEND, )<br> )<br>        Plaintiff, )<br> )<br>Vs. )<br> )<br>MARK WILLIAM SHOOK, individually )<br>and in his official capacity as Sheriff of )<br>Watauga County; WATAUGA COUNTY; )<br>and JOHN DOE SURETY, )<br> )<br>        Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on defendants Mark William Shook's and Western Surety Company's Motion to Dismiss or, Alternatively, Renewal of Motion for Summary Judgment (#84) and plaintiff's Motion for Leave to File a Response to Defendants Shook and Western Surety's Motion to Dismiss and Renewal of Motion for Summary Judgment and to Deem Response as Timely Filed (#86). The court will allow plaintiff's motion to dismiss and waive reply.

The Mandate of the Court of Appeals for the Fourth Circuit, No. 07-2188, issued May 18, 2009. Consistent with the mandate, the court set this matter back on its active trial docket. In the opinion underlying the Judgment and Mandate, the appellate court held in parts pertinent to the issue now before the court that

> we . . . vacate the entry of summary judgment in favor of Sheriff Shook and Western Surety Company with respect to Plaintiff's North Carolina public policy claim and remand for further proceedings consistent with this opinion; and (5) affirm entry of summary judgment in favor of Defendants with respect to Plaintiff's negligent infliction of emotional

-1-

> distress claim. We note that the magistrate judge remains free on remand to dismiss, without prejudice, Plaintiff's North Carolina public policy claim, pursuant to 28 U.S.C. § 1367(c)(3).

Townsend v. Shook, No. 07-2188, at 17-18 (4th Cir. April 24, 2009)(unpublished, docket entry #81).

The remaining defendants in this action now request that this court exercise its discretion under 28, United States Code, Section 1367(c)(3), and dismiss such remaining state-law claim without prejudice rather than try or decide such supplemental claim in federal court. Docket Entry #85. Plaintiff opposes such course of action, arguing that this court is in the best position to hear this claim even though a defamation claim, which stems from the same dispute underlying this action, is pending against her in the North Carolina General Court of Justice, Catawba County. Docket Entry #87. In the alternative, such defendants also renew their Motion for Summary Judgment plaintiff's state law tort claim filed pursuant N.C.G.S. § 143-422.2 based on government immunity and public officer's immunity. Docket Entry # 85. This court did not reach that issue in its earlier decision inasmuch as it first determined, incorrectly as found by the appellate court, that the NCEEPA did not afford a private cause of action in these circumstances.

The court did sustain this court's dismissal of all federal claims. With all federal claims dismissed, the court found that the other supplemental claims "are the type of claims that should be addressed by a state judge and a state jury ...." Memorandum of Decision, Docket Entry #77, at 27. This court dismissed without prejudice the remaining state-law claim for intentional infliction of emotional distress

and counterclaim for defamation in accordance with Section 1367(c)(3). Defendant Shook refiled his counterclaim in a state court; however, plaintiff has yet to refile her claim for intentional infliction of emotional distress.

The issue now before the court is whether this court should decide the Motion for Summary Judgment as to the remaining state-law claim based on state-law defenses, try this case in July, and/or dismiss such remaining claim. The court has carefully considered the arguments presented and simply cannot discern why the logic which was applicable to the intentional infliction of emotional distress claim and the counterclaim for defamation should not also be applied to the NCEEPA claim. The United States Supreme Court has long held that pendent jurisdiction, now known as supplemental jurisdiction, should be exercised with discretion in these circumstances:

> pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. . . . Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

United Mine Workers of America v. Gibbs, 383 U.S. 715, 726-27 (1966)(footnotes omitted). As the well reasoned briefs of both the plaintiff and the defendants make clear, not only will the substantive NCEEPA claim be governed exclusively by state law, determining whether government and public officer's immunity protect these defendants from liability will require application and interpretation of North Carolina decisions. Such federal court interpretation of state law when no federal claim

remains is precisely the type of unnecessary federal judicial action envisioned in United Mine Workers:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

Id.

Not only would addressing the remaining dispositive motion and/or trial of the remaining claim be inconsistent with published decisions, it would be contrary to the "law of the case" inasmuch as this court has already declined to exercise jurisdiction over other claims, a decision upon which Defendant Shook has already relied. "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Naser Jewelers, Inc. v. City of Concord, N.H., 538 F.3d 17, 20 (1st Cir.2008) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)). If this court were to try this remaining claim it would be in opposition to the law of the case doctrine; even more importantly, judicial economy, convenience, and fairness to litigants would not be well served.

In reaching this determination, the court has closely read the decision of the appellate court. It having been determined that a state-law claim exists under the NCEEPA and this court finding that further proceedings in this action would involve interpretation and application of state law to such state-law claim, this court will, respectfully, decline to exercise supplemental jurisdiction over such claim in accordance with Section 1367(c)(3) and dismiss such claim without prejudice.

# ORDER

**IT IS, THEREFORE, ORDERED** that

(1) plaintiff's Motion for Leave to File a Response to Defendants Shook and Western Surety's Motion to Dismiss and Renewal of Motion for Summary Judgment and to Deem Response as Timely Filed (#86) is **ALLOWED** and the brief submitted is deemed timely filed *nunc pro tunc*, and has been fully considered;

(2) defendants Mark William Shook's and Western Surety Company's Motion to Dismiss or, Alternatively, Renewal of Motion for Summary Judgment (#84) is **ALLOWED**;, and plaintiff's remaining cause of action under the NCEEPA is **DISMISSED** without prejudice as to refiling in an appropriate state court; and

(3) the Clerk of this court is respectfully instructed to remove this action from the trial calendar and terminate this action.

Signed: June 23, 2009

Dennis L. Howell
United States Magistrate Judge